UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERONICA KOTEK,

    Plaintiff,

vs.                              Case No. 2:03-cv-692-FtM-33DNF

TERRACINA, LLC, a Minnesota
limited liability company
d/b/a Terracina Grand,

    Defendant.
_____

## OPINION & ORDER

This matter comes before the Court upon Terracina's Motion for Summary Judgment (Doc. #28) filed on November 23, 2004. Kotek filed a Memorandum in Opposition to Terracina's Motion for Summary Judgment (Doc. #43) on December 6, 2004. Upon review of the Motion for Summary Judgment and the Memorandum in Opposition, this Court finds that Terracina's Motion for Summary Judgment should be denied.

### I.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for

summary judgment; only the existence of a genuine issue of material fact will preclude grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996)(citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffrey v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324). If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161,

1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. <u>Samples ex rel. Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing <u>Augusta Iron & Steel Works, Inc. v. Employers Insurance of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988)).

## II. **BACKGROUND**

For summary judgment purposes, the court accepts the following facts. Kotek was employed by Terracina Grand, an assisted/independent living facility in Naples, Florida from June 2001 until late March 2002. (Doc. #28 at 1, Doc. #43 at 1.) Kotek served as Director of Marketing from approximately August 2001 through the termination of her employment in March 2002. (Doc. #28 at 1, Doc. #43 at 1.) In early September 2001, Kotek played a key role in organizing a successful open house held at the Terracina Grand. (Doc. #43 at 2.)

While Kotek was at work at Terracina Grand on September 23, 2001, she collided face-first with a concrete pillar and sustained various injuries. (Doc. #43 at 2.) Kotek alleges that either on the day of the accident or shortly thereafter, Kotek's supervisors and co-workers became aware that Kotek filed a workers' compensation claim as a result of her injuries. (Doc. #43 at 6.) Kotek asserts

that she filed a workers' compensation claim with the Florida Division of Workers' Compensation on September 26, 2001. (Doc. #1 at 2.)

Upon the urging of Charlie Byrne, Executive Director of Terracina Grand, Kotek returned to work a few days after the accident despite her severe injuries because she feared that otherwise her employment would be terminated. (Doc. #43 at 7.) Following the accident, Kotek began to express concerns to colleagues that "she wasn't being backed up or validated [by her superiors] for being injured." (Doc. #43 at 2-3.)

Prior to termination of Kotek's employment, she received negative feedback and criticism regarding her work performance. (Doc. #28 at 2-3, Doc. #43 at 3.) Kotek alleges that management began to criticize her performance only "after her doctor began to place extensive orders for medical tests under workers' compensation." (Doc. #43 at 3.)

While Terracina maintains that Kotek's employment was terminated because of her failure to raise the occupancy rates at Terracina Grand, Kotek alleges that she was fired because she sought and obtained a workers' compensation claim. In support of her allegations, Kotek not only points to the correlation between increased medical tests and increased criticism of her work, but also to the fact that her supervisor, Candace Meyer, forbade Kotek from discussing her injury and workers' compensation claim. (Doc.

4

#43 at 3.) Additionally, Kotek informed management about delays of over six months in her medical bills being paid. (Doc. #43 at 3.)

In March 2002, Kotek's physician informed her that she would need physical therapy and two MRI's, and he directed her to see a neurologist and podiatrist. (Doc. #43 at 3.) William Belanger, Director of Corporate Services for Terracina, fired Kotek either on March 26, 2002 (Doc. #43 at 3) or March 29, 2002 (Doc. #28 at 1). Kotek alleges that when Belanger fired her, he used words to the effect that "workers' compensation would not be paying for the requested MRI's or physical therapy session." (Doc. #43 at 3.) According to Belanger's notes from the meeting in which he terminated Kotek, Kotek had specifically stated that Terracina "could not terminate her because of her [workers' compensation] claim." (Doc. #43 at 3.)

Kotek and Terracina negotiated a Settlement Agreement and General Release Under § 440.20(11)(c), (d)and (e) Florida Statues (2001), which was executed on August 21, 2003. (Doc. #28, Ex. H.) In the agreement, Kotek received a lump sum payment as consideration for her release of "claims for or rights to past, present and future benefits under Chapter 440, Florida Statutes... asserted in connection with, arising out of or in any way related to the accident...." (Doc. #28, Ex. H at ¶3.) The agreement also contained language in which Kotek specifically retained her "right to pursue an EEOC claim against Terracina Grand." (Doc. #28, Ex.

5

H at ¶22.)

On December 29, 2003, Kotek filed a Complaint (Doc. #1) against Terracina Grand alleging that "[t]he sole or substantial reason for termination of [her] employment was that [she] sought and obtained benefits under Florida Workers' Compensation Law to which she was entitled" (Doc. #1 at ¶11) in violation of Florida Statutes § 440.205 (Doc. #1 at ¶12). Terracina Grand contends that Kotek's employment was terminated due to her poor performance. (Doc. #6 at 4.)

### III. ANALYSIS

Florida Statutes §440.205 provides:

No employer shall discharge, threaten to discharge, intimidate or cause any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

In order to establish a prima facie case of retaliatory discharge, Kotek must show that: (1) she engaged in a statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to Kotek's protected activities. <u>Musarra v. Vineyards Development Corp.</u>, 2004 WL 2713264 at *5 (M.D. Fla., Oct. 20, 2004). Upon review of the record, Kotek has alleged facts sufficient to establish a prima facie case.

It is undisputed that there was an adverse employment action; Kotek's employment was terminated. However, Terracina contests Kotek's allegation that she filed a timely workers' compensation

claim, and therefore engaged in a statutorily protected activity. Also at issue is whether Kotek's termination was causally related to her filing a workers' compensation claim. Because there are genuine issues of material fact as to whether Kotek has met two of the three prongs of the prima facie test for retaliatory discharge, the Court finds that Terracina is not entitled to summary judgment as a matter of law.

In its Motion for Summary Judgment, Terracina also argues that it is entitled to summary judgment because Kotek's workers' compensation settlement agreement precludes her from recovering damages alleged in the Complaint. (Doc. #28 at 13.) Specifically, Terracina claims that Kotek is precluded from recovering lost wages or future medical expenses because Kotek was already compensated for the same. (Doc. #28 at 13 and 15.)

In response, Kotek cites Borque v. Truegreen, Inc., 389 F.3d 1354 (11th Cir. 2004), a case in which the Eleventh Circuit addressed whether under Florida law a workers' compensation settlement between an employer and employee containing broad release language absolves the employer of a retaliatory discharge claim. Id. at 1355. The court held that "a general release of benefits under § 440 [of the Florida Statutes] does not necessarily release a retaliatory discharge claim under § 440.205 without evidence of intent by the claimant to do so." Id. at 1358.

Like the release at issue in Borque, the settlement agreement

7

between Kotek and Terracina constituted a release of "claims for or rights to past, present and future *benefits* under Chapter 440, Florida Statutes... asserted in connection with, arising out of or in any way related to the accident..." (Doc. #28, Ex. H at ¶3) (emphasis added). The agreement also contained language in which Kotek specifically retained her "right to pursue an EEOC claim against Terracina Grand." (Doc. #28, Ex. H at ¶22.) While this action is not an EEOC claim specifically reserved in the agreement, the agreement nonetheless evidences Kotek's intention to preserve rights to maintain a separate action against Terracina related to her employment. Therefore, the Court finds that this action is not precluded by the workers' compensation settlement agreement between Kotek and Terracina and summary judgment is inappropriate on such grounds.

Accordingly, it is now

    **ORDERED, ADJUDGED,** and **DECREED:**

    Terracina's Motion for Summary Judgment (Doc. #28) is hereby **DENIED.**

    **DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 10th day of May, 2005.

    _____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record