UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VERONICA KOTEK,

                Plaintiff,

vs.                              Case No. 2:03-cv-692-FtM-33DNF

TERRACINA, LLC, a Minnesota
limited liability company
d/b/a Terracina Grand,

                Defendant.
_____

**ORDER**

This matter comes before the Court upon Rule 50 Motions, made by both the Plaintiff and the Defendant at trial, on which the Court reserved ruling. Following a jury verdict in the Defendant's favor, the Plaintiff filed a Supplemental Memorandum on Plaintiff's and Defendant's Rule 50 Motions (Doc. #101) and a Motion for a New Trial (Doc. #103) on June 13, 2005. The Defendant filed a Memorandum in Opposition to the Plaintiff's Motion for a Directed Verdict (Doc. #106) on June 16, 2005 and a Memorandum in Opposition to Plaintiff's Motion for a New Trial (Doc. #107) on June 20, 2005. Upon review of the Rule 50 Motions and the Plaintiff's Motion for a New Trial, this Court finds that both Rule 50 Motions and the Plaintiff's Motion for a New Trial should be denied.

I.   **BACKGROUND**

Kotek brought suit against Terracina, alleging that Terracina terminated her employment in retaliation for Kotek's filing for workers' compensation benefits. A jury trial was held on June 1, 2005. During trial, both Kotek and Terracina moved for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. The Court reserved ruling on both motions, and the jury returned a verdict in favor of Terracina.

Following trial, Kotek filed a Supplemental Memorandum on Plaintiff's and Defendant's Rule 50 Motions (Doc. #101), as well as a Motion for a New Trial (Doc. #103). Terracina filed memoranda in opposition to Kotek's motions (Docs. #106 and 107).

II.  **Rule 50 Motions**

A.   Standard of Review

Rule 50(a) of the Federal Rules of Civil Procedure permits the court to grant judgment as a matter of law against a party with respect to a claim or defense when a party "has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. Pro. 50(a). Judgment as a matter of law is permissible "only when, without weighing the credibility of witnesses, the facts and inferences point so strongly and overwhelmingly in favor of one party that a reasonable jury could not arrive at a contrary

2

verdict." Johns v. Jerrard, 927 F.2d 551, 557 (11th Cir. 1991).

If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motions." Fed. R. Civ. Pro. 50(b). The movant is permitted to renew its request for judgment as a matter of law and may alternately request a new trial or join a motion for new trial under Rule 59 of the Federal Rules of Civil Procedure. Id.

B.  Analysis

As a preliminary matter, the jury verdict in favor of Terracina makes Terracina's Rule 50 Motion moot, see Fed. R. Civ. Pro. 50 advisory committee's note to 1991 amendment, and therefore is denied as such.

Kotek's Rule 50 motion centers around the Settlement Agreement and General Release Under § 440.20(11)(c), (d) and (e) Florida Statues (2001), entered into between Kotek and Terracina on August 21, 2003. (Doc. #28, Ex. H.) The Settlement Agreement states the parties' intention to "settle all claims and causes of action [Kotek] may have against [Terracina] as a result of or arising out of the alleged work-related accident." (Doc. #28, Ex. H at ¶2.) In the Settlement Agreement, Kotek received a lump sum payment as consideration for her release of:

3

> any and all claims, demands, agreements, suits, causes of action...[Kotek] now has, have, had may have had, or can, shall or may have for or by reason of any matter, cause, happening or thing whatsoever up to and including the effective date hereof, including but without in any respect limiting the generality of the foregoing, any and all claims for or rights to past, present and future benefits under Chapter 440, Florida Statutes which were or might have or could have been asserted in connection with, arising out of or in any way related to the accident...." (Doc. #28, Ex. H at ¶3.)

The Settlement Agreement also contains language in which Kotek specifically retained her "right to pursue an EEOC claim against Terracina Grand." (Doc. #28, Ex. H at ¶22.)

Kotek claims that, by the four corners of the Settlement Agreement, she did not waive her right to bring a cause of action against Terracina for retaliation. (Doc. #101 at 2.) Kotek argues that the meaning of the Settlement Agreement was "solely for the Court to decide" and allowing the jury the opportunity to interpret the Settlement Agreement "invaded the province of the trial judge." (Doc. #101 at 3.)

In support of her Rule 50 Motion, Kotek relies heavily on <u>Borque v. Trugreen, Inc.</u>, 389 F.3d 1354 (11th Cir. 2004), a case in which the Eleventh Circuit addressed whether under Florida law a workers' compensation settlement between an employer and employee containing broad release language absolves the employer of a retaliatory discharge claim. <u>Id.</u> at 1355. Noting that "a general release of benefits under § 440 [of the Florida Statutes] does not necessarily release a retaliatory discharge claim under § 440.205

without evidence of intent by the claimant to do so," Id. at 1358, the Court concluded that the release language at issue was "not sufficiently clear to support a summary judgment for the employer." Id. at 1355.

Like Borque, this Court noted ambiguity in the Settlement Agreement and denied Terracina's Motion for Summary Judgment, which was based in part on the assertion that the Settlement Agreement precluded the instant action. Contrary to Kotek's claim that "there is nothing about the release [she] signed that is unclear or ambiguous," (Doc. #101 at 2), the Settlement Agreement ambiguously contains both broad prefatory language releasing Terracina from all *claims* of liability, as well as narrow language stating the settlement is in full satisfaction of claims for *benefits* under workers' compensation laws. Additionally, while the Settlement Agreement specifically reserved Kotek's right to bring an EEOC claim, which on its face could signify Kotek's intention to preserve rights to maintain a separate action against Terracina related to her employment, evidence was introduced at trial that Kotek had two EEOC claims pending when she entered into the Settlement Agreement.

"While the existence of ambiguity in a contract is a question of law for the judge to decide, the intent of the parties is an issue of fact" for the jury to decide. Bivens Gardens Office Bldg, Inc. v. Barnett Banks of Fla. Inc., 140 F.3d 898, 905 (11th Cir.

1998). Because this Court finds the language of the Settlement Agreement ambiguous, interpretation of the parties' intent was an issue for the jury. Kotek's Rule 50 motion is therefore denied.

III.     <u>Kotek's Rule 59 Motion for New Trial</u>

In her Motion for a New Trial, Kotek claims that the use of the term "discharged" instead of "dismissed" by Terracina's counsel in closing arguments when referring to Kotek's bankruptcy "unfairly destroyed [her] credibility." (Doc. #104-1 at 3.) A new trial based on counsel's improper statements during closing argument may be granted where "the conduct was such as to impair gravely the calm and dispassionate consideration of the case by the jury." <u>BankAtlantic v. Blythe Eastman Paine Webber, Inc.</u>, 955 F.2d 1467, 1474 (11th Cir. 1992); <u>see</u> also <u>Neal v. Toyota Motor Corp.</u>, 823 F.Supp. 939, 944 (N.D. Ga. 1993).

However, the general rule is that a timely objection is necessary to bring to the court's attention errors in counsel's arguments in order to prevent counsel from "sandbagging" the court by remaining silent and then, if the result is unsatisfactory, claiming error. <u>Oxford Furniture Co. v. Drexel Heritage Furnishings, Inc.</u>, 984 F.2d 1118, 1128 (11th Cir. 1993). Improper argument may be the basis for a new trial even if a timely objection has not been raised "where the interest of substantial justice is at stake." <u>McWhorter v. City of Birmingham</u>, 906 F.2d

674, 677 (11th Cir. 1990).

Kotek failed to object to any statements made during Defense counsel's closing argument. However, Kotek requested a sidebar immediately following Defense counsel's closing argument, at which time Plaintiff's counsel stated that reference to the discharge "needs to be stricken and the instruction that to ignore any inference that there was a discharge of the bankruptcy" needed to be given. (Doc. #99 at 24, lines 17-18.) The Court responded that the jury would receive an instruction that what the lawyers say is not evidence and that the jurors are to rely on their own memory. (Doc. #99 at 25, lines 5-7.) Thereafter, Plaintiff's counsel failed to actually make an objection to Defense counsel's closing argument or to preserve such objection for the record.

Moreover, while Plaintiff's counsel did not actually propose a jury instruction directing the jurors to ignore any inference that there was a discharge of the bankruptcy, the Court's jury instructions nonetheless contained the following admonition, "Remember that anything the lawyers say is not evidence in the case....It is your own recollection and interpretation of the evidence that controls." (Doc. #95 at 3.)

Upon review of Defense counsel's closing argument in light of the jury instructions, this Court concludes that any potentially misleading statements made by Defendant's counsel were properly addressed in and cured by the jury instructions such that Defense

7

counsel's closing argument neither gravely impaired the calm and dispassionate consideration of the case by the jury nor implicated the interest of substantial justice. Therefore, Kotek's Motion for a New Trial should be denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

1. Terracina's Rule 50 Motion is **DENIED as MOOT**.

2. Kotek's Rule 50 Motion is **DENIED**.

3. Kotek's Motion for a New Trial (Doc. #103) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 1st day of July, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record